IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK ARCENEAUX, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0687 |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Derrick Arceneaux brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Arceneaux is an inmate of the Texas Department of Criminal Justice. He challenges a felony conviction. This suit will be dismissed for failure to exhaust state remedies.

Arceneaux was convicted of aggravated robbery. State v. Arceneaux, No. 974150 (180th Dist. Ct.). He filed an appeal and was provided a court-appointed attorney who was furnished with a copy of the record. However, Arceneaux complains that he has been wrongly denied the right to borrow a copy of the record for his personal use in prosecuting his appeal. The appeal is pending before the Texas Court of Appeals for the First District of Texas. Arceneaux v. State, No. 01-04-00714-CR. See First Court of Appeals

Website, http://www.1stcoa.courts.state.tx.us/. Arceneaux requests that this court order the Texas courts to provide him with a copy of the trial record.

Under 28 U.S.C. § 2254 a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts.  See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997).  To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state.  Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In Texas a petitioner satisfies this requirement by filing a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals or, in post-conviction matters, by filing a state application for a writ of habeas corpus in state district court, which forwards the application to the Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. ART. 11.07; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).  Although Arceneaux asserts that he has exhausted state remedies, he cites no cause numbers identifying any PDRs or habeas applications submitted to the Court of Criminal Appeals.  The Court of Criminal Appeals' website (http://www.cca.courts.state.tx.us/) reveals no record that supports Arceneaux's statement.

Arceneaux's state appeal is still pending. He cannot seek simultaneous relief in both state and federal courts. See Emery v. Johnson, 139 F.3d 191, 194 (5th Cir. 1997). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998). Moreover, Arceneaux has acknowledged that he is represented by court-appointed counsel on appeal and that his counsel has been given a copy of the record. The records for the First Court of Appeals reflect that a brief has been filed in Arceneaux's behalf. It is well settled that Arceneaux does not have the right to present a supplemental brief when his attorney has already filed one for him. Smith v. Collins, 977 F.2d 951, 962 (5th Cir. 1992).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Arceneaux file a notice of appeal, this court will deny the issuance of a certificate of appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

## Conclusion

The court **ORDERS** the following:

1. This action is **DISMISSED without prejudice**.

2.   A certificate of appealability is **DENIED**.

3.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the Petition for Writ of Habeas Corpus and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas. The Clerk will provide copies to the parties.

**SIGNED** at Houston, Texas, on this the 26th day of May, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE